UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **JAMES WILLIAMS, IV,** | : Case No. 2:22-cv-3822 |
| Petitioner, | : |
| vs. | : **Judge Sarah D. Morrison** |
| | : **Magistrate Judge Chelsey M. Vascura** |
| **SHERIFF, GREENE COUNTY ADULT DETENTION CENTER,** | : |
| Respondent. | : |

## REPORT AND RECOMMENDATIONS

James Williams, IV, has filed a "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody." (ECF No. 19.) Therein, he alleges the denial of his rights to a speedy trial, self-representation, due process, and a reasonable bond. (*Id*.) The matter is before Court for a preliminary review of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (the "Habeas Rules"). Because a petition under § 2254 is not the appropriate vehicle for Petitioner at this stage, the undersigned Magistrate Judge **RECOMMENDS** that this Court **DISMISS** the § 2254 Petition.

### I. BACKGROUND

Petitioner was arrested on July 9, 2022, and charged with aggravated arson and drug possession in the Greene County, Ohio, Court of Common Pleas. (ECF No. 19, PageID 123-124, 127 (citing Case Nos. 2022CR0190 and 2022CR0313—hereinafter, the "Criminal Cases").) He pled not guilty to both charges and has maintained his innocence. (*Id*., PageID 124.) Petitioner says that he was held in jail without bond or a bond hearing. (*Id*., PageID 125.) Among other things, Petitioner asserts that the Criminal Cases should have been dismissed on

the "90th day," or October 6, 2022, because he did not receive a fast and speedy trial by that day. (*Id.*, PageID 124.)

The Criminal Cases were not dismissed. Instead, Petitioner was committed to Summit Behavioral Healthcare on October 6, 2022, following a forensic evaluation and the Greene County Court's determination that Petitioner was not competent to stand trial. (*Id.*, PageID 123-124, 129.) In other words, Petitioner has not been convicted or sentenced in the Criminal Cases and remains a pretrial detainee. (*Id.*, PageID 123.)

Petitioner appealed the Greene County Court's October 6, 2022 entry. (ECF No. 19, PageID 124 (citing Case No. 2022-CA-55—hereinafter, the "Criminal Appeal").) That appeal is pending. (*Id.*, PageID 124.)

On October 17, 2022, Petitioner submitted a *pro se* document to this Court that instituted this habeas corpus case. (ECF No. 1, PageID 10.) The Court ordered Petitioner to file his request for habeas corpus relief on a standard form pursuant to Rule 2 of the Habeas Rules, and on November 15, 2022, Petitioner did so. (Deficiency Order, ECF No. 5; Petition, ECF No. 19, PageID 137.) His Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 19) is the operative Petition in this case. (*See* Order, ECF No. 26.) Petitioner also submitted a request for habeas corpus relief under 28 U.S.C. § 2241, which is pending separately before this Court in Case No. 2:22-cv-4205. He has filed herein numerous documents seeking release from custody, emergency intervention by this Court, to proceed despite a state vexatious litigator designation,[1] and other relief. (*See* ECF Nos. 2, 3, 4, 7, 9, 10, 12, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25.)

---

[1] Petitioner was deemed a vexatious litigator under Ohio Revised Code 2323.52. (*See* ECF No. 3.) *See also* https://www.supremecourt.ohio.gov/opinions-cases/clerk-of-court/office/vexatious-litigators-local/ (accessed Dec. 14, 2022).

2

## II. STANDARD OF REVIEW

Pursuant to Rule 4 of the Habeas Rules, the Court must conduct a preliminary review of a petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). Here, it plainly appears from the face of the Petition that Petitioner is not entitled to relief in this case, as Section 2254—the section under which he seeks relief—does not apply to him as a pretrial detainee.

## III. ANALYSIS

Petitioner seeks relief in this case under 28 U.S.C. § 2254, which allows this Court to entertain a habeas petition by "a person in custody pursuant to the judgment of a State court." A judgment, in this context, means a *sentence*. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Thus, a petitioner may appropriately file a petition under § 2254 where he has been convicted in state court and sentenced for the crime. Such a petition is not appropriate where a petitioner has not been convicted or sentenced. Instead, a pretrial detainee may, in some circumstances, seek relief under 28 U.S.C. § 2241. *Atkins v. Mich.*, 644 F.2d 543, 546 (6th Cir. 1981).

The United States Court of Appeals for the Sixth Circuit has recognized the distinctions between the two sections of the statute:

> Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). One section of the habeas statute—section 2254—concerns habeas

3

> relief available to a subset of petitioners: those "in custody *pursuant to the judgment of a State court*...." *Id*. § 2254(a) (emphasis added). Although Phillips remains "in custody," his custody is not "pursuant to the judgment of a State court." Rather, he is in custody *pursuant to an indictment*. Section 2254, therefore, by its own terms, does not apply to Phillips's petition, and it would be error to apply § 2254 here. We have long recognized that pretrial detainees pursue habeas relief instead under § 2241. *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir.2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir.1981).

*Phillips v. Ct. of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012). *See also Saulsberry v. Lee,* 937 F.3d 644, 647 (6th Cir. 2019) (citing *Phillips*, 668 F.3d at 809) ("Inmates with final state court judgments thus must travel down the § 2254 road, while pretrial detainees must travel down the § 2241 path."); *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014) ("Christian's detention does not arise out of a state-court conviction or judgment. He is being held pending trial."); *Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013) (quoting *Phillips*, 668 F.3d at 810 n.3) ("because his petition was filed before his . . . trial and attacked his pretrial detention rather than a state court judgment or conviction, his petition is 'properly governed by [28 U.S.C.] § 2241'").

Here, Petitioner is a pretrial detainee; he has not gone to trial or pled guilty and has not been convicted and sentenced. (*See* Petition, ECF No. 19, PageID 123 (noting that he was "Not Convicted"), PageID 127 (alleging that the "State of Ohio failed to prosecute").) *See also* Online Docket Sheets of the Criminal Cases, available by name or case number search at https://courts.greene countyohio.gov/eservices/ (accessed Dec. 14, 2022) (neither reflecting a conviction or sentence).[2] His path to seek habeas relief is therefore through § 2241, rather than

---

[2] In Case No. 2022 CR 0313, the docket contains a notation on October 6, 2022, that says:

> JUDGMENT ENTRY (FINDING INCOMPETENT-RESTORABLE) FILED; DEFENDANT IS INCOMPTETENT TO STAND TRIAL AT THIS TIME AND HE IS CURRENTLY INCAPABLE OF UNDERSTANDING THE NATURE AND OBJECTIVE OF THE PROCEEDINGS AGAINST HIM AND INCAPABLE OF ASSISTING IN HIS DEFENSE.

§ 2254. *See Jennings v. Fly*, No. 3:21-cv-658, 2022 WL 212404, at *2-3 (M.D. Tenn. Jan. 24, 2022) (dismissing § 2254 petition on preliminary review after concluding petitioner was a pretrial detainee and, among other things, must proceed under § 2241 where he was awaiting a forensic evaluation to determine competency). He cannot obtain relief under § 2254. *See Mayes v. Commonwealth of Ky.*, No. 5:16-cv-405, 2016 WL 8814364, at *1 (E.D. Ky. Nov. 17, 2016), report and recommendation adopted, 2016 WL 7104846 (E.D. Ky. Dec. 5, 2016) (referring to a § 2254 petition raising a speedy trial claim while a state criminal case is pending as "legally frivolous"); *Simpson v. Jones*, No. 11-cv-422, 2012 WL 3912755, at *2 (E.D. Ky. July 16, 2012), *report and recommendation adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012) ("As Petitioner was a pretrial detainee at the time he filed the instant Petition, a habeas petition under 28 U.S.C. § 2241 would be his only plausible avenue of relief.").

This Court could proceed to construe the Petition under the proper § 2241 standards despite the label Petitioner has attached and the way in which he has structured his arguments. *Saulsberry*, 937 F.3d at 647. However, Petitioner had already filed another petition under § 2241, similarly raising violations of his rights to a speedy trial, a reasonable bond, due process, and self-representation. *See* Case No. 2:22-cv-4205 (ECF No. 1). As that is the appropriate statutory section for Petitioner to proceed under, and because doing so will permit the Court to consider Petitioner's arguments as he has made them in his § 2241 Petition, the undersigned

---

THERE IS A SUBSTANTIAL PROBABILITY DEFENDANT CAN BE RESTORED TO COMPETENCY WITHIN THE STATUTORY TIME LIMITS PURSUANT TO ORC 2945.35C. IT IS THEREFORE A ORDERED THAT THE DEFENDANT SHALL BE TRANSPORTED BY THE GREENE COUNTY SHERIFF TO THE OHIO DEPARTMENT OF MENTAL HEALTH - SUMMIT BEHAVIORAL HEALTHCARE OF RESTORATION TREATMENT[.]

This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

**RECOMMENDS** that this § 2254 Petition be **DISMISSED,** and Petitioner's claims be considered in Case No. 2:22-cv-4205.

The undersigned further **RECOMMENDS** that this dismissal be **WITHOUT PREJUDICE** to filing a proper § 2254 Petition at a later time. Generally, a petitioner has *one* opportunity to file a federal habeas corpus petition under § 2254. *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). After that, a petitioner faces significant statutory hurdles to seeking habeas corpus relief in federal court. *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020); 28 U.S.C. § 2244(b)(3)(C)). Because of the posture of the case and the reason for dismissal, this case will not count as Petitioner's one opportunity. He may, if necessary and at the appropriate time, file a proper § 2254 petition challenging any convictions and sentences imposed in the Criminal Cases.

### IV. CERTIFICATE OF APPEALABILITY

A state prisoner seeking federal habeas corpus relief is not automatically entitled to appeal a district court's decision denying relief unless the district court issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c). A district court must issue or deny a COA "when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Cases.

To be entitled to a COA, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Sixth Circuit has also cautioned that "a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

"When a district court denies a claim on procedural grounds, the court may issue a COA only if the applicant shows 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Hill v. Bauman*, No. 20-1091, 2020 WL 4346669, at *1 (6th Cir. May 21, 2020) (quoting *Slack*, 529 U.S. at 484).

Here, reasonable jurists would not find it debatable that Petitioner cannot obtain relief under § 2254 as a pretrial detainee. A certificate of appealability on that issue, therefore, should be denied.

## V. DISPOSITION

Having reviewed the operative Petition (ECF No. 19) under Rule 4, the undersigned **RECOMMENDS** the following:

1. The Court **DISMISS** the Petition herein **WITHOUT PREJUDICE** because Petitioner plainly is not entitled to relief under § 2254 as a pretrial detainee.
2. The Court **DENY** Petitioner's pending requests for relief filed herein as **MOOT**.
3. The Court **DENY** a certificate of appealability.
4. The Court **CERTIFY** that any appeal of the Court's dismissal would not be taken in good faith, and on that basis **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

The Clerk of Court is **DIRECTED** to send copies of this Report and Recommendation to Petitioner at both the Greene County Adult Detention Center and Summit Behavioral Healthcare.

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a

7

copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

*/s/ Chelsey M. Vascura*
Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE
